IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:13-CR-33-HLM-WEJ |
| MARVIN CHEATWOOD, et al., | |
| Defendants. | |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Motions to Dismiss Counts 4 or 5 As Multiplicitous or Alternatively for Election Between Such Counts [34, 43] of the Indictment ("Motions to Dismiss") filed by defendants Marvin and Keith Cheatwood ("defendants"). For the reasons explained below, the undersigned **RECOMMENDS** that the Motions to Dismiss be **DENIED**.

**I.   THE INDICTMENT**

On June 11, 2013, the Grand Jury returned an eight-Count Indictment [1] against defendants,[1] charging them, among other offenses, with operating a chop shop and possessing stolen motor vehicles. The relevant Counts allege as follows:

---

[1] Counts Six through Eight charge an additional codefendant, Diane Cheatwood. (Indictment 3-5.)

- Count Four alleges that, on January 22, 2009, defendants knowingly possessed with intent to sell and otherwise dispose of a motor vehicle, with knowledge that the public vehicle identification number had been removed, obliterated, tampered with, and altered, in violation of 18 U.S.C. § 2321.  (Indictment 2-3.)

- Count Five alleges that, between January 22 and October 6, 2009, defendants knowingly received and obtained control of, with intent to sell and otherwise dispose of, a motor vehicle, with knowledge that the public vehicle identification number had been removed, obliterated, tampered with, and altered, in violation of 18 U.S.C. § 2321.  (Indictment 3.)

.

Additionally, both Counts allege that defendants violated 18 U.S.C. § 2 by aiding and abetting each other in the commission of the principal offenses. (Indictment 3.)

## II.  CONTENTIONS OF THE PARTIES

The Indictment charges defendants in Counts Four and Five with violating 18 U.S.C. § 2321, which provides in relevant part:

> Whoever buys, receives, possesses, or obtains control of, with intent to sell or otherwise dispose of, a motor vehicle or motor vehicle part, knowing that an identification number for such motor vehicle or part has been removed, obliterated, tampered with, or altered, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 2321.

Defendants move for dismissal of or pretrial election between Counts Four and Five, claiming the Counts charge a single offense.  (Defs.' Br. in Support [34-1, 43].)

In both Counts the criminal conduct alleged concerns one vehicle, a Chevrolet 3500 Flatbed Truck ("vehicle"). Defendants argue that the Counts are multiplicitous, because the only differences between the conduct alleged in Counts Four and Five are "the dates alleged for the offense" (Mots. to Dismiss 2), and a "distinction between possession in Count 4 and receiving and obtaining control of in Count 5" (Defs.' Br. in Support 7).

The Government responds that Counts Four and Five are not multiplicitous because they charge two offenses. (Gov't. Resp. [47].) It contends that Count Five charges defendants with the vehicle's reacquisition after first obtaining and then selling the vehicle. The Government provides the following explanation: "Counts (sic) Four charges one time of possession, and Count Five charges a second offense because the defendants obtained control of the vehicle at a different time." (Id. at 3.)

### III. ANALYSIS

The Fifth Amendment's guarantee that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const., amend. V, protects individuals from both "successive punishments and successive prosecutions for the same offense." United States v. Wood, 127 F.3d 990, 991 (11th Cir. 1997) (per curiam) (citing Witte v. United States, 515 U.S. 389, 390-92) (1995)).

Accordingly, the Eleventh Circuit's jurisprudence establishes that a multiplicitous indictment "violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008).  Multiplicity occurs when the Government "charges a single offense in more than one count." Id. (citing Ward v. United States, 694 F.2d 654, 660-61 (11th Cir. 1983)).

Several harms flow from multiplicitous indictments.  Aside from the risk that the defendant will receive multiple sentences for the same offense, "a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes–not one." United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991) (citations omitted).  Due to the gravity of these harms, if a defendant is improperly convicted upon a multiplicitous indictment, "the only remedy consistent with the congressional intent is for the [d]istrict [c]ourt, where the sentence responsibility resides, to exercise its discretion to vacate one of the underlying convictions." Ball v. United States, 470 U.S. 856, 864 (1985) (quoted in United States v. Bobb, 577 F.3d 1366, 1372 (11th Cir. 2009)).

The issue of multiplicity may arise in two scenarios.  The first is where the defendant is charged with violating multiple statutory provisions for the same underlying conduct.  When confronting such a scenario, courts apply the

Blockburger test to determine whether the Government has violated the Fifth Amendment. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); see also United States v. Howard, 918 F.2d 1529, 1532-35 (11th Cir. 1990) (applying the Blockburger test). The issue of multiplicity may also arise, as it does here, where the defendant is charged with multiple violations of the same statute from related conduct. In such scenarios, courts must "determine the allowable unit of prosecution." Langford, 946 F.2d at 802; see also United States v. Frank, 599 F.3d 1221, 1239 (11th Cir. 2010); Bell v. United States, 349 U.S. 81, 81-83 (1955). In either scenario, courts must discern the intent behind the statute at issue, because where Congress intended "to impose multiple punishments, imposition of such sentences does not violate the Constitution." Albernaz v. United States, 450 U.S. 333, 344 (1981).

Defendants ask the Court to hold that the conduct charged in Counts Four and Five, under the circumstances of this case, constitutes only one allowable unit of prosecution. (See Mots. to Dismiss.) As with all questions of statutory interpretation, the Court begins by examining the statute's language. See United

States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (citation omitted). Section 2321 proscribes four distinct, but overlapping, acts: buying, receiving, possessing, and obtaining control of, a stolen motor vehicle. 18 U.S.C. § 2321. Congress created one offense to cover these acts, perhaps in recognition that each act will often transpire in conjunction with the others. The Court acknowledges that separate units of prosecution might not lie where the Government charges the contemporaneous receipt and possession of a single stolen vehicle as two offenses under § 2321. See Bobb, 577 F.3d at 1372 ("[C]ourts have recognized that . . . 'federal statutes criminalizing the receipt of contraband [generally] require a knowing acceptance or taking of possession of the prohibited item.'") (citation omitted); United States v. Griffin, 705 F.2d 434, 437 (11th Cir. 1983) (per curiam) (finding that receipt, in the context of a firearms statute, "includes any knowing acceptance or taking of possession"). Here, the Government did not charge defendants with the contemporaneous receipt and possession of the vehicle. Instead, the Government alleges two clearly distinguishable violations of § 2321, which, though involving the same vehicle, occurred at different times. The first violation is defendants' initial possession of the vehicle, occurring around January 22, 2009. The second violation is defendants' subsequent receipt. The Indictment does not specify the date of the later receipt–it alleges it occurred between January 22 and October 6, 2009. When

defendants allegedly sold the vehicle they interrupted a continuous course of conduct. Then, in reacquiring the vehicle, they began a new course of criminal conduct with respect to the vehicle. While the conduct they charge is related, Counts Four and Five require the Government to prove distinct facts for each count. See United States v. Wood, 684 F.3d 1045, 1060 (11th Cir. 2012) ("[C]harges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact."); United States v. Glanton, 707 F.2d 1238, 1240 (11th Cir. 1983) (no multiplicity where the Government needed to prove different facts for each count); United States v. Jones, 601 F.3d 1247, 1258 (11th Cir. 2010) (no multiplicity where charged acts of firearm possession did not constitute a "continuing course of conduct"); United States v. Rivera, 77 F.3d 1348, 1352 (11th Cir. 1996) (one count of firearm possession appropriate where possession was a "continuous course of conduct").

Though the present case is unusual, the facts alleged by the Government depict a situation similar to one in which a defendant unlawfully acquires two stolen vehicles. There are numerous cases where the Government has charged receipt or possession of multiple vehicles in multiple counts. See, e.g., United States v. Exarhos, 135 F.3d 723, 725-26 (11th Cir. 1998) (multiple violations of § 2321 charged); accord United States v. Tutiven, 40 F.3d 1, 3 (1st Cir. 1994); United States

v. Rippy, 38 F. App'x 203, 205 (6th Cir. 2002).  The text of § 2321 indicates that the distinction between these cases and the present case is immaterial.  § 2321 prohibits the receipt and possession of "a motor vehicle or motor vehicle part . . . ." 18 U.S.C. § 2321  "A motor vehicle" reads naturally to mean any motor vehicle.  The text evinces no intention by Congress to limit the statute's scope to cover motor vehicles defendants did not previously possess.

Defendants appeal to the rule of lenity (Defs.' Br. in Support 5-6), which requires courts to construe ambiguous criminal statutes narrowly and resolve all doubts in favor of defendants.  See United States v. McLemore, 28 F.3d 1160, 1165 (11th Cir. 1994).  The rule of lenity does not afford defendants the benefit of the doubt here because § 2321 is not ambiguous.  Furthermore, the cases defendants cite in their briefs are unhelpful, because they all involve either contemporaneous actions or continuous courses of conduct.  See United States v. Universal CIT Credit Corp., 344 U.S. 218 (1952) (one offense where employer paid multiple employees a series of wage payments below the minimum wage); United States v. Cowden, 545 F.2d 257 (1st Cir. 1976) (one offense where defendant deposited two forged checks into

a bank account on the same day).[2]

Accordingly, the undersigned **REPORTS** that the Indictment is not multiplicitous, and **RECOMMENDS** that defendants' Motions to Dismiss [34, 43] be **DENIED**.

## IV.   CONCLUSION

Because the Indictment does not contain multiplicitous Counts, the undersigned **RECOMMENDS** that the Motions to Dismiss be **DENIED**.

**SO RECOMMENDED**, this 29th day of August, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also cite United States v. Stevens, 521 F.2d 334 (6th Cir. 1975). It appears defendants mistakenly cited Stevens. Not only does the adjoining parenthetical they include not pertain to the facts or holding of that case, but also Stevens affirmed multiple convictions stemming from a single transaction.